UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VINCENT NELSON,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

PRISONER
CASE NO. 3:17-cv-899(RNC)

RULING AND ORDER

Vincent Nelson, proceeding pro se, moves pursuant to 28 U.S.C. § 2255 to vacate his sentence arguing that his base offense level under U.S.S.G. § 2K2.1(a) should have been 20, rather than 24, because his prior state conviction for possession of narcotics with intent to sell did not qualify as a "controlled substance offense" supporting enhanced punishment under the guideline. This is Nelson's second motion pursuant to § 2255. See Nelson v. United States, No. 16-cv-985 (RNC) (D. Conn. Apr. 3, 2017). Under § 2255(h), a second or successive motion challenging the same sentence is allowed only if the Court of Appeals certifies that the motion is based on either "newly discovered evidence" or a "new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court." See Triestman v. United States, 124 F.3d 361, 367-372 (2d Cir. 1997). Nelson has not obtained a certificate. Ordinarily, when a second motion is filed without a certificate, the District Court should transfer the case to the Court of Appeals. See

1

Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996) (per curiam). However, transfer is unnecessary when the motion is wholly without merit. See Powell v. United States, Nos. 95-CR-08-A, 13-CV-42-A, 2014 WL 2047884, at *2 (W.D.N.Y. May 19, 2014). For reasons that follow, I conclude that the motion must be dismissed.

   I. Background

   In the underlying criminal case, Nelson pleaded guilty to possession of a firearm by a convicted felon and conspiracy to possess with intent to distribute 28 grams or more of crack cocaine. See Plea Agreement at 1, United States v. Nelson, No. 13-cr-27 (RNC), ECF No. 199. The presentence report calculated the guideline range using a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2) in light of Nelson's previous state convictions for assault and possession of narcotics with intent to sell. The base offense level of 24 led to a total offense level of 29 and a guideline imprisonment range of 121-151 months. Nelson objected that the narcotics conviction did not qualify as a "controlled substance offense" within the meaning of the guideline and argued for a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4), which would have resulted in a total offense level of 25 and a range of 84-105 months.

   At the sentencing hearing, I agreed with the Probation Office that the correct base offense level was 24 but sentenced

2

Nelson to 90 months' imprisonment, which I found to be sufficient but not harsher than necessary.  At the hearing, I specifically pointed out that the sentence of 90 months was within the range that would apply if the base offense level were 20 and made it clear that the same sentence would have been imposed in any event.[1]

In 2016, Nelson moved to vacate his sentence on the ground that his prior assault conviction should not have been used to increase his base offense level.  See Mot. Vacate Sentence ¶ 7-9, Nelson v. United States, No. 16-cv-985 (RNC), ECF No. 1.  Relying on Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the "residual clause" of the Armed Career Criminal Act was unconstitutionally vague, he argued that the identically worded definition of "crime of violence" in the U.S.S.G. § 4B1.2(a) is also void for vagueness.  The Government moved for an extension of time to file its response so that Nelson would have an opportunity to withdraw the motion in view of the intervening decision in Beckles v. United States, 137 S. Ct. 886 (2017), which held that the Guidelines are not subject to a vagueness

---

[1] I stated:
The guidelines are helpful in requiring all concerned to go through the steps of looking at all these factors, but in the final analysis, they're only advisory and I'm required to impose a sentence that is sufficient to serve the purposes I outlined without being harsher than necessary regardless of what the guideline might say.  So that's what I've done.  See Sentencing Tr. at 41-42, United States v. Nelson, No. 13-cr-27 (RNC), ECF No. 270.

3

challenge. Id. at 895. Nelson's counsel then filed a notice of voluntary dismissal. Soon after the notice was approved, Nelson filed the present pro se motion seeking to vacate his sentence on the ground that his state narcotics conviction should not have been used to increase the base offense level.

II. Discussion

When a petitioner voluntarily withdraws a § 2255 motion, a later motion will be considered successive, and thus subject to the requirement that the movant obtain a certificate from the Court of Appeals, if the withdrawal occurred in circumstances making it clear that the movant knew the motion was without merit. See Thai v. United States, 391 F.3d 491, 495-96 (2d Cir. 2004). In a situation similar to the present case, a petitioner who received a sentencing enhancement under U.S.S.G. § 4B1.2(a) sought to vacate his sentence based on Johnson. See Stevenson v. United States, No. 17-cv-0580-A, 2017 WL 3699309, at *1 (W.D.N.Y. Aug. 28, 2017). The petitioner withdrew his motion after the Supreme Court decided Beckles. The District Court concluded that the withdrawn motion counted for purposes of the certification requirement because there was no reasonable explanation for the withdrawal other than its lack of merit in light of Beckles. Id. at *2.

I reach the same conclusion here. Nelson withdrew his prior motion after the Government sought an extension of time to give

4

his counsel an opportunity to consult with him about withdrawing the motion in light of Beckles. The notice of withdrawal subsequently filed did not provide a reason for the withdrawal. In the context provided by the Government's motion, however, the reason had to be the impact of Beckles, which rendered Nelson's claim meritless. In the circumstances, the withdrawal was akin to a voluntary dismissal with prejudice. Therefore, the present motion is successive and the certification requirement applies.

To obtain a certificate, Nelson would have to show that he relies on a new rule of constitutional law made retroactive to cases on collateral review. In his motion, he states that he relies on the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016). The Second Circuit has held that Mathis does not establish a new rule of constitutional law for purposes of certifying successive motions under § 2255. See Washington v. United States, 868 F.3d 64, 65 (2d Cir. 2017) (per curiam). In Washington, the petitioner sought permission to file a successive motion making the same arguments Nelson makes here. The Second Circuit denied the request explaining that "the Mathis Court was interpreting [the] ACCA, not the Constitution." Id. at 66.

Even if a certificate were unnecessary in this case (i.e. even if the prior motion did not count for purposes of the certification requirement), Nelson still would not be able to

obtain relief from his sentence.  The record clearly establishes that if the guideline range had been calculated using a base offense level of 20, the same sentence of 90 months would have been imposed.  When the record makes it clear that the same sentence would have been imposed in any event, a § 2255 motion to vacate the sentence is properly denied.  See Morales v. United States, No. 09 Civ. 4394(WHP), 2011 WL 3423937, at *3 (S.D.N.Y. Aug. 3, 2011); cf. United States v. Shuster, 331 F.3d 294, 297 (2d Cir. 2003) (reviewing court need not adjudicate Sentencing Guidelines dispute concerning enhancement when record makes it clear that sentence would remain the same in any event).

    III. Conclusion

    Accordingly, the motion is hereby dismissed.  No certificate of appealability will be issued.

    The Clerk may enter judgment and close the case.

    So ordered this 8th day of August 2018.


                                    /s/ RNC
                              Robert N. Chatigny
                              United States District Judge